

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00184-CV

In the Interest of **M.W.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00474
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  September 12, 2018

AFFIRMED

This is an appeal from a final order terminating A.C.'s parental rights to her nine-year-old child, M.W. We affirm.

## BACKGROUND

The Department of Family and Protective Services filed a petition to terminate A.C.'s parental rights. The case was tried to the court. Five witnesses testified at trial: A.C., two Department caseworkers, one of the child's grandparents, and a CASA volunteer. After the trial, the trial court signed an order terminating A.C.'s parental rights based on subsections (D), (N), and (O) of section 161.001(b)(1) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (D), (N), and (O) (West Supp. 2017). The trial court also found that termination was in M.W.'s best interest. *See id*. § 161.001(b)(2).

**DISCUSSION**

In a single issue, A.C. argues the evidence is legally and factually insufficient to support the trial court's finding that termination of parental rights was in the child's best interest. We review the legal and factual sufficiency of the evidence to support a best interest finding under the standards enunciated in *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009).

Under Texas law, there is a strong presumption that the best interest of a child is served by keeping the child with a parent. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). In considering the best interest of the child, a factfinder may consider the nonexclusive list of factors set forth by the Texas Supreme Court in *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Further, section 263.307 of the Family Code lists factors to be considered in determining whether the child's parent is willing and able to provide the child with a safe environment. *See* TEX. FAM. CODE ANN. § 263.307 (West Supp. 2017). Finally, in determining whether termination of the parent-child relationship is in a child's best interest, a factfinder may judge a parent's future conduct by her past conduct. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

In looking at all the evidence in the light most favorable to the trial court's finding, we hold that the trial court could have reasonably formed a firm belief or conviction that termination of A.C.'s parental rights was in M.W.'s best interest. *See In re J.O.A.*, 283 S.W.3d at 344. The evidence showed that the Department became involved in this case because M.W. had been physically abused while in A.C.'s care. M.W.'s injuries consisted of injuries to the groin, buttocks, leg, arms and the stomach. M.W. had extensive bruising and swelling on his body and the skin was "torn off" his hip and his buttocks. Because of these injuries, M.W. was hospitalized for two days and received morphine for the pain. M.W. told his grandmother that he had been spanked by A.C.'s boyfriend, that he was scared and crying during the incident, and that his mother was present

but did not come to his aid. M.W. was afraid to be left alone with A.C. Immediately after the incident, M.W. suffered from separation anxiety and would hyperventilate when one of his grandparents was not around. M.W. would not go to school until three or four months after the incident. M.W. was now seeing a therapist.

At the beginning of the case, A.C. had told a caseworker that she did not believe her boyfriend had abused M.W. and that she believed her boyfriend had disciplined M.W. A.C. was not angry with her boyfriend and felt M.W. would forgive him. Later in the case, A.C. still did not acknowledge the seriousness of the incident that had caused M.W. to be hospitalized; A.C. did not feel like it was physical abuse. A.C. was still living with her boyfriend and they were in the process of being evicted from their apartment. A caseworker testified that she did not believe that A.C. would be protective of M.W. in the future. A.C. had not shown that she could provide a safe, stable home for M.W. A caseworker also observed that M.W. was very attached to his grandparents and M.W. wanted his grandfather to be present during his visits with A.C. A caseworker and the CASA volunteer said the bond between M.W. and A.C. did not seem like a parent/child bond. Furthermore, A.C. had failed to comply with her court-ordered service plan.

The evidence also showed that M.W. had lived with his grandparents for most of his life and was currently being cared for and nurtured by them. M.W. had several medical conditions that pre-dated the physical abuse, and he was under the care of several doctors for these conditions. M.W.'s grandmother took M.W. to all of his doctor's appointments. M.W.'s grandparents wanted to provide a permanent home for M.W., and they believed they could meet M.W.'s physical and emotional needs. We conclude the evidence is legally sufficient to support the trial court's best interest finding.

With respect to factual sufficiency, A.C. points to evidence showing that A.C. was participating in therapy, had almost completed domestic violence and parenting classes, and had

attended visits with M.W. This evidence, however, is countered by evidence that A.C. delayed in participating in services at the beginning of the case, that A.C. would not acknowledge that M.W. had been abused by her boyfriend, that A.C. would not protect M.W. from any future abuse, that M.W. was afraid to be alone with A.C., and that A.C. and M.W. did not have a parent/child bond. Therefore, in considering the entire record, including any disputed evidence, we conclude the evidence is factually sufficient to support the trial court's finding that termination of A.C.'s parental rights was in M.W.'s best interest. *See id.* at 345.

We, therefore, affirm the trial court's order terminating A.C.'s parental rights.

Karen Angelini, Justice